IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY PINSON | § | |
| (#16267-064), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-2190-M-BN |
| | § | |
| JOSE SANTANA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M.G. Lynn.

The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation that the Court summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff Jeremy Pinson pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

**Background**

Plaintiff, in the custody of the Bureau of Prisons, at Florence - High USP, located in Colorado, brings this *Bivens* action against the BOP and Jose Santana, stated to be the Chief of BOP's Designation and Sentence Computation Center ("DSCC"), in Grand Prairie, Texas, located in the Dallas Division of the Northern

District of Texas. Plaintiff identifies herself as "a transgender federal prisoner" and claims that she has been diagnosed with Gender Dysphoria. She alleges that by designating her to Florence - High USP – which she claims has no history of treating Gender Dysphoria and at which are housed inmates who have been hostile to her – Defendants have violated her constitutional rights.

Plaintiff, who has neither filed a motion for leave to proceed *in forma pauperis* nor paid the requisite amount to initiate this action, is a frequent litigant in federal courts throughout the country. *See, e.g., Pinson v. Frisk*, No. 13-cv-05502-VC, 2015 WL 738253, at *2 (N.D. Cal. Feb. 18, 2015) ("The plaintiffs[, including Pinson,] do not dispute that they each have at least three strikes within the meaning of § 1915(g). Nor could they, in light of the Court's [previous order] citing the findings of other courts that each plaintiff has filed three or more frivolous lawsuits that have barred them from proceeding IFP unless they satisfy the imminent danger exception." (citing *Pinson v. Samuels*, 761 F.3d 1, 2-3, (D.C. Cir. 2014) ("Because Pinson has run afoul of the Prison Litigation Reform Act's three-strikes provision and has failed to demonstrate that he qualifies for the imminent danger exception, we deny his motion to proceed *in forma pauperis*."); *Pinson v. Armijo*, No. 13-cv-01567-BNB, 2014 WL 1034992, *1 (D. Col. Mar. 18, 2014) ("Mr. Pinson, on three or more prior occasions, has brought an action that was dismissed on the grounds that it was frivolous.") (listing prior three-strikes cases)) (some citations omitted)).

The undersigned concludes that this action should be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full filing

fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

## Legal Standards

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

## Analysis

As outlined above, Plaintiff's current filing falls under the three-strikes provision. Under Section 1915(g), therefore, Plaintiff may not proceed without the

prepayment of fees unless she shows that she is subject to imminent danger of serious physical injury.

Plaintiff, through her current complaint, fails to make that showing. As the Court observed in a similar action brought by one of Plaintiff's frequent co-litigants, which analysis is equally applicable here,

> Plaintiff's allegations contain reference to the danger posed by [others] incarcerated with [her] at the Administrative Maximum United States Penitentiary in Florence, Colorado. *See* Dkt. No. 3 at [2-3]. However, none of the claims that [she] is under imminent danger of serious physical injury is directly attributable to the conduct of the Defendants in this matter or can be immediately redressed by this lawsuit. The [individual] Defendant[] in the Northern District of Texas [is an] employee[] of the Bureau of Prisons central administrative office responsible for inmate placement. Unlike, for example, at least certain personnel at USP Florence, the Defendants do not have direct control over Plaintiff's safety at the USP Florence unit. Plaintiff therefore has failed to show a sufficient nexus between the alleged danger and the asserted civil rights violation to overcome the three-strikes bar.

*Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citing *Emmett v. Julye*, No. H-13-2693, 2013 WL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-298 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))); *cf. Clay v. Doctor Zae Young Zeon*, No. H-14-0057, 2014 WL 204241, at *1 (S.D. Tex. Jan. 17, 2014) ("The court will ... determine whether Clay is in imminent danger of serious physical harm attributable to acts or omissions by custodial officials and whether the danger is attributable to the facts alleged in the complaint." (citing

*Pettus*, 554 F.3d at 297-98)).

Therefore, Plaintiff should be barred from proceeding *in forma pauperis* under Section 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 2, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE